**Abatement Order filed June 28, 2018.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-18-00324-CR
_____

**ERIC PLEASANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1523061**

## ABATEMENT ORDER

The clerk's record was filed June 7, 2018. The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). In a plea bargain case, the defendant may appeal only matters raised by a written pre-trial motion and ruled on before trial or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). It is unclear based on the record

currently before this court whether any matters raised in a written pre-trial motion were ruled on before trial.

The reporter's record has not been filed in this appeal. The court reporter has informed the court that appellant has not paid or made arrangements to pay the reporter's fee to prepare the reporter's record. *See* Tex. R. App. P. 37.3(c)(2)(A). This court is unaware whether appellant is entitled to proceed without the payment of costs. *See* Tex. R. App. P. 37.3(c)(2)(B). Accordingly, we enter the following order. *See* Tex. R. App. P. 35.3(c).

We ORDER the judge of the 262nd District Court to immediately conduct a hearing at which appellant, appellant's counsel, if any, and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. The judge may appoint appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, the court's findings and conclusions, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.  It is the responsibility of any

party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM